IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO K. GREEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:15-cv-00621-MJR |
| | ) |
| RICK WATSON, | ) |
| PHILLIP McLAUREN, | ) |
| THOMAS TRICE, | ) |
| DEBRA HALE, | ) |
| NURSE BRANDY, and | ) |
| JOHN DOE,[1] | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Antonio Green is currently incarcerated at the Menard Correctional Center in Menard, Illinois, but was previously incarcerated at the St. Clair County Jail in Belleville, Illinois. (Doc. 1 at 1-2.) Proceeding *pro se*, Green has filed a complaint pursuant to 42 U.S.C. § 1983 against a number of jail officers and medical staff at the St. Clair County Jail. (*Id.*) He alleges that medical staff gave him the wrong dosage of his blood pressure medication, which led to a loss of consciousness and a fall, and that staff inadequately treated the injuries caused by that fall. (*Id.* at 2-7.) Green seeks declaratory relief and money damages. (*Id.* at 4-5.)

This matter is now before the Court for a preliminary review of Green's complaint pursuant to 28 U.S.C. § 1915A. Under 28 U.S.C. § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or

---

[1] A few corrections to the caption are in order. The **CLERK** is **DIRECTED** to remove the Unknown Party designation and add John Doe and Nurse Brandy in its place. The **CLERK** is further **DIRECTED** to correct an apparent misspelling to Defendant Hale's name – Debra Haley should be removed from the caption, and Debra Hale should be added instead.

employee of a government entity." During this preliminary review under § 1915A, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief."

## Background

As of March 20, 2015, Green was being held as a pretrial detainee at the St. Clair County Jail. (Doc. 1 at 2-3.) That night, he received blood pressure and psychiatric medication from Nurse Brandy. (*Id.*) The next morning, Green went to work at the jail cafeteria. (*Id.*) After starting his shift, Green lost consciousness and fell on his head and back, leading officials to transfer him to the jail infirmary. (*Id.*) A nurse in the infirmary took Green's blood pressure and found that it was low, and Green was held in the infirmary for observation. (*Id.*) The prison doctor saw him shortly thereafter, reviewed his chart, and realized that Green was given a dosage of blood pressure medication from his 2011 chart by mistake. (*Id.*) The jail doctor discontinued the blood pressure medication and Green's blood pressure eventually returned to normal. (*Id.*)

While Green's blood pressure ultimately stabilized, he suffered head and back pain, which he says was caused by the impact from the fall. (*Id.* at 3, 6.) He reported the pain to the jail doctor, who he has designated John Doe in his complaint, and to two nurses – Nurse Hale and Nurse Brandy. (*Id.*) All involved gave Green Tylenol alone as treatment. (*Id.*)

Sometime after these events, Green was incarcerated at the Menard Correctional Center. (*Id.* at 1.) Prior to leaving the St. Clair County Jail, Green says he filed a grievance about the facts relating to this complaint with unspecified jail officials but received no relief. (*Id.* at 3.) Unsatisfied with the jail's response, he filed a § 1983 complaint in this Court on June 5, 2015.

**Discussion**

Green's complaint focuses entirely on his medical care at the St. Clair County Jail. Because Green was a detainee instead of a prisoner at the time of the events at issue in this case, his claims arise under the Fourteenth Amendment of the United States Constitution, rather than the Eighth Amendment. *Smith v. Sangamon Cnty. Sheriff's Dep't*, 715 F.3d 188, 191 (7th Cir. 2013). That said, the elements of a medical claim are roughly the same under both amendments: to make out a claim, a detainee must allege facts tending to show that he had a serious medical condition and that jail staff behaved recklessly in response to that condition. *Pittman ex rel. Hamilton v. Cnty. of Madison, Ill.*, 746 F.3d 766, 775 (7th Cir. 2014).[2]

Green's first medical claim deals with his blood pressure medication – he says that jail staff acted improperly when they mistakenly gave him a dosage of his medication from his 2011 chart, which led to his loss of consciousness (**Count 1**). The problem with this claim is the state of mind requirement for all due process violations. It is critical to remember that medical malpractice and negligence claims are not actionable under § 1983, but are instead the grist of state law. *See*, *e.g.*, *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process."); *Mayan v. Weed*, 312 F. App'x 38, 40-41 (7th Cir. 2009) (allegations of "medical malpractice, negligence, or even gross negligence" are not sufficient to permit liability in detainee cases);

---

[2] The Supreme Court's recent decision in *Kingsley v. Hendrickson* does not change this analysis. *Kingsley* held that, in an excessive force case, a plaintiff need only prove that the force "knowingly used against him was objectively unreasonable" – he did not *need* to prove a separate subjective element that the force was applied "maliciously and sadistically." *Kingsley*, – S. Ct. –, 2015 WL 2473447, at *5 (U.S. June 22, 2015). However, *Kingsley* reaffirmed that a defendant "must possess a purposeful, a knowing, or possibly a reckless state of mind," as the Fourteenth Amendment does not "impose liability for *negligently* inflicted harm." *Id.* After *Kingsley*, the Seventh Circuit has held fast to this state of mind requirement, noting that officials do not violate the due process clause when they act "negligent[ly]" or make "an accidental mistake." *Davis v. Wessel*, – F.3d –, 2015 WL 4095358, at *5-7 (7th Cir. July 7, 2015).

*Chapman v. Keitner*, 241 F.3d 842, 845 (7th Cir. 2001) ("Neither negligence nor even gross negligence is a sufficient basis for liability; rather, liability attaches only if the conduct is intentional or criminally reckless."). In this vein, a bare allegation that an official gave a detainee the wrong medication suggests only negligent conduct by that official, and not the kind of recklessness needed to put forth a constitutional claim. *See*, *e.g.*, *Positano v. Wetzel*, 529 F. App'x 116, 119 (3d Cir. 2013) (allegation that doctor gave a prisoner the "wrong medication" suggested at best "medical malpractice," and not a constitutional violation); *Daniels v. Beasley*, 241 F. App'x 219, 220 (5th Cir. 2007) (allegation that prisoner was given "wrong medication" did not establish "actions involv[ing] more than negligence"); *Johnson v. Doe*, 234 F.3d 1273 (7th Cir. 2000) (dismissal proper when prisoner only alleged that officials "mistakenly gave him the wrong medication"). Because the allegations in Green's complaint about the medication slip-up suggest (at best) negligent conduct, **Count 1** must be dismissed without prejudice.

While his complaint is a bit unclear, Green might also be attempting to raise a discrete claim concerning the injuries related to his fall: Green fell when his blood pressure bottomed out, and he says all jail staff did was give him Tylenol for his resulting back and head pain (**Count 2**). But this allegation, like his last one, does not suggest any reckless conduct by medical staff. When a detainee alleges that he received treatment from medical officials in the first instance, as Green says he did here, he can state a claim only if the treatment received was "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996). This exists only in "the most extreme situations," *Snipes v. DeTella*, 95 F.3d 586, 591-92 (7th Cir. 1996), like when the provider's decision was "so far out of bounds that it was blatantly inappropriate," *King v.*

*Kramer*, 680 F.3d 1013, 1019 (7th Cir. 2012).  Nothing blatantly inappropriate is alleged here: it is not a substantial departure from medical judgment to first treat back and head pain from an uncomplicated fall with Tylenol.  *See*, *e.g*., *Malone v. Waggener*, 296 F. App'x 422, 423 (5th Cir. 2008) (allegations that staff gave prisoner Tylenol rather than Flexeril and other medications in the first instance amounted "to no more than a disagreement with his medical care," which did not state a constitutional claim); *Turner v. Sec'y, Dep't of Corr.*, 161 F. App'x 848, 849 (11th Cir. 2006) (no constitutional violation when prisoner alleged tests and treatment with Tylenol for pain); *Barron v. Pohlman*, 122 F. App'x 416, 419 (10th Cir. 2005) (prisoner's complaint concerning initial treatment of pain from "slip-and-fall" with Tylenol at best reflected a "difference of opinion with prison medical personnel," which did "not rise to the level of a constitutional violation").  Accordingly, **Count 2** must be dismissed without prejudice.

Because Green's existing allegations do not state any constitutional violations, his case could be dismissed in the entirety and the matter closed.  However, Green's complaint does not elaborate much on the fall and the circumstances of his treatment afterwards, and he might have other facts he could plead to establish a viable constitutional claim.  The Court will give him an opportunity to flesh out his claim about the fall in an amended complaint, if he desires.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, the complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, in order to proceed with this case, Plaintiff **SHALL** submit his First Amended Complaint within **35 days** from the date of this order (on or before **September 4, 2015**).  If Green decides to file an amended complaint, he should label it "First Amended Complaint" and use the case number from this action.  The amended complaint should

allege how Green's constitutional rights were violated and how each defendant was personally and directly involved in the constitutional deprivation. An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading in this case or elsewhere. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action.

**IT IS SO ORDERED.**

**DATED: July 31, 2015**

                                                  **s/ MICHAEL J. REAGAN**
                                                  **Chief Judge Michael J. Reagan**
                                                  **United States District Judge**