IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO K. GREEN, | ) |
| | ) |
|              **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No. 3:15-cv-00621-MJR |
| | ) |
| RICK WATSON, | ) |
| PHILLIP McLAUREN, | ) |
| THOMAS TRICE, | ) |
| DEBRA HALE, | ) |
| NURSE BRANDY, and | ) |
| JOHN DOE, | ) |
| | ) |
|              **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

On June 5, 2015, Plaintiff Antonio Green filed a civil rights action against a number of jail officers and medical staff at the St. Clair County Jail. (Doc. 1.) Green alleged that medical staff gave him the wrong dosage of his blood pressure medication, which led to a loss of consciousness and a fall, and that staff inadequately treated the injuries caused by that fall. (*Id.*) On July 31, 2015, the Court dismissed all of Green's claims without prejudice, giving him until September 4, 2015 to file an amended complaint that alleged something more than negligence on the part of jail officials. (Doc. 6.) Green was warned that a failure to file an amended complaint within that time period "shall result in the dismissal of this action with prejudice." (*Id.* at 6.)

Green's deadline has come and gone, and Green has not filed an amended complaint. Accordingly, this case is **DISMISSED with prejudice** for failure to comply with an order of this Court. FED. R. CIV. P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*;*

*Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994). This dismissal shall count as one of Green's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. CIV. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. CIV. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. CIV. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). Moreover, if the appeal is found to be non-meritorious, Plaintiff may incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) will toll the appeal deadline. *See* FED. R. CIV. P. 4(a)(4) (listing motions that alter the time for filing an appeal). A Rule 59(e) motion must be filed no more than 28 days after the entry of the judgment, and this deadline cannot be extended. *Robinson v. Sweeny*, 794 F.3d 782, 784 (7th Cir. 2015).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 16, 2015**

s/ MICHAEL J. REAGAN
**Chief Judge Michael J. Reagan**
**United States District Court**